UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROGELIO MEDINA,
    Plaintiff,

v.

SHIRLY WATSON,
    Defendant.

CASE NO. 3:16-cv-2061 (VAB)

JANUARY 5, 2017

**INIITAL REVIEW ORDER**

Plaintiff, Rogelio Medina, currently incarcerated at the Garner Correctional Center, filed this Complaint *pro se* under 42 U.S.C. § 1983. Mr. Medina's Complaint was received on December 15, 2016, and his motion to proceed *in forma pauperis* was granted on December 22, 2016. The Defendant is Shirly Watson, Mr. Medina's Social Worker. Mr. Medina alleges that Ms. Watson violated his Ninth Amendment right to privacy by disclosing his mental health diagnosis to custodial staff. He seeks damages from the Defendant in her individual capacity.

**I.**    **Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is "frivolous or malicious, that fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special

rules of solicitude for pro se litigants).

Although detailed allegations are not required, the Complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II. Allegations

On August 23, 2016, Mr. Medina was walking about the tier during the recreation period. Compl., ECF No. 1, 1. He allegedly overheard the defendants speaking with Correctional Officer Judkins. *Id.* Ms. Watson allegedly told Officer Judkins that Mr. Medina suffers from borderline personality disorder and is constantly paranoid. *Id.* at 2. Mr. Medina allegedly never gave the Defendant permission to discuss his diagnosis with custodial staff. *Id.* at 3.

Other inmates allegedly overheard the conversation as well. Compl., 4. They allegedly knew who was being discussed because Ms. Watson allegedly referred to him as Medina and there are no other inmates named Medina in the cell block. *Id.* After the conversation, other inmates allegedly have made Mr. Medina paranoid by making him think they are after him. *Id.* at 5. The other inmates allegedly "call [Mr. Medina] retard slow dumb and say kill yourself." *Id.* The harassment allegedly has affected Mr. Medina mentally and emotionally because he also suffers from depression. *Id.* at 6.

## III. Discussion

The Second Circuit has recognized a constitutional right to "maintain the confidentiality

2

of previously undisclosed medical information." *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999). Accordingly, prison officials can only disclose medical information to the extent that disclosure relates to a "legitimate penological interest." *Id.* "The gratuitous disclosure of an inmate's confidential medical information as humor or gossip … is not reasonably related to a legitimate penological interest," and therefore "violates the inmate's constitutional right to privacy." *Id.*

The degree of protection afforded to an inmate's right to confidentiality regarding a medical condition varies with the "sensitive" nature of the condition. *Powell,* 175 F.3d at 111. To state a claim for violation of this right, Mr. Medina must show that he suffers from an unusual or sensitive medical condition that, if disclosed, would expose him to ridicule, discrimination or even violence, particularly when the word of the condition is likely to spread through "humor or gossip[.]" *Id.* at 112; *see also Rodriguez v. Ames*, 287 F. Supp. 2d 213, 220 (W.D.N.Y. 2003) (dismissing case because plaintiff did not have an "unusual medical problem which, if disclosed unnecessarily to other inmates, would likely expose plaintiff to discrimination, intolerance, or potential violence"); *Webb v. Goldstein*, 117 F. Supp. 2d 289, 298-99 (E.D.N.Y. 2000) (dismissing a Fourteenth Amendment claim because the prisoner "has not alleged that his prison records contained the sort of sensitive medical information at issue in ... *Powell*").

Mr. Medina alleges that Ms. Watson improperly disclosed information about his mental health. The Second Circuit has held that an allegation of public disclosure of mental health issues is sufficient to state a privacy claim. *Hunnicutt v. Armstrong*, 152 F. App'x 34, 35-36 (2d Cir. 2005) (reversing dismissal because plaintiff's allegations that the defendants "discussed [his] private/personal mental health issues on the tier" and "in front of other prisoners and D.O.C.

employees" gave "adequate notice of a right to privacy claim based on the public discussion of [plainiff's] mental health issues").

Accordingly, Mr. Medina's claim will proceed forward at this time.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1) **The Clerk shall** verify the current work address for defendant Watson with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to her at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) Defendant shall file her response to the complaint, either an answer or motion to

dismiss, within **sixty (60) days** from the date the waiver form is sent. If she chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claim recited above. She also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Mr. Medina changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of this case. Mr. Medina must give notice of a new address even if he is incarcerated. Mr. Medina should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Medina has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Mr. Medina should also notify the defendant or the attorney for the defendant of his new address.

(9)	Mr. Medina shall utilize the Prisoner E-filing Program when filing documents with the court.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of January 2017.

                                           /s/ Victor A. Bolden  
                                           Victor A. Bolden  
                                           United States District Judge